FÉLIX JUAN SERRALLÉS Y SÁNCHEZ, Plaintiff and Appellant, v. R. SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee. JUAN EUGENIO SERRALLÉS Y SÁNCHEZ, Plaintiff and Appellant, v. SAME.

Nos. 7764 and 7765. Argued June 13, 1938.—Decided July 28, 1938.

V. Zayas Pizarro for appellants. B. Fernández García, Attorney General, and M. Rodríguez Ramos, Deputy Attorney General, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The jurisdictional question involved in these two actions was considered by the District Court of Ponce in a single opinion. The Supreme Court will do likewise.

Félix Juan and Juan Eugenio Serrallés y Sánchez bought, in August 1936, in Kansas City, Missouri, United States of America, two two-passenger airplanes which they registered

in the Federal Department at Washington, D. C., as "Licensed aircraft" for the private use of their owners in Puerto Rico, the United States, and other countries.

Both airplanes arrived in the Island on August 17, 1936, and the Insular Treasurer, based on the Internal Revenue Act of 1931, as amended by Act No. 108 of May 15, 1936 (Session Laws, p. 566), collected from Félix Juan Serrallés and Juan Eugenio Serrallés respectively the sums of $258.94 and $211.30, as internal revenue taxes. The Serrallés brothers, claiming that the tax was illegally collected, paid said sums under protest and sought the return thereof by means of two actions which they brought, in the District Court of Ponce, against the Treasurer of Puerto Rico under the provisions of Act No. 8 of 1927 (Session Laws, p. 122) relating to the payment of taxes under protest.

Upon being summoned, the defendant demurred to the complaints on the ground of lack of original jurisdiction in the court, as the amount involved in each action was less than $500.

After hearing both parties the district court, in an extensive and well-reasoned opinion, held that the demurrers were well founded and rendered judgment dismissing both complaints without special imposition of costs. Thereupon the plaintiffs appealed to this court.

The defendant and appellee moved to dismiss both appeals as being frivolous, and the parties were heard on such motion, through counsel, on the 13th of June last.

We have studied the jurisdictional question involved and it is our opinion indeed that said appeals are frivolous, according to the reasoning of this court in its opinion in *Shell Company (P. R.), Ltd.* v. *Pagán*, 51 P.R.R. 203.

Four laws have been enacted by our Legislature regarding the payment of taxes under protest. The first is Act No. 35 of 1911 (Session Laws, p. 124); the second is Act No. 17 of 1920 (Session Laws, p. 124); the third is Act No. 9 of 1924 (Session Laws, p. 70), as amended by Act No. 84

of 1925 (Session Laws, p. 580); and the fourth is Act No. 8 of 1927 (Session Laws, p. 122).

Section 3 of the Act of 1911 provided that "the party paying . . . under protest may . . . sue the said Treasurer . . . . in the court having competent jurisdiction . . . . Either party to said suit shall have the right of appeal to the Supreme Court." Then, section 4 provided that "there shall be no other remedy in any case . . . . to collect revenue illegally."

The jurisdiction in all cases, according to said act, clearly belonged to the district courts.

The Act of 1920 did not introduce any substantial change in the matter. On the contrary, it rendered the exclusive original jurisdiction of the district courts more definite, even categorical, we might say, by providing in section 2 thereof "That any taxpayer making payment . . . shall file . . . a complaint in the proper district court pursuant to the Code of Civil Procedure. . ."

It was in the Act of 1924 that such change was introduced. Section 4 thereof provided that "A taxpayer who shall have paid . . . shall . . . sue the Treasurer of Porto Rico in a court of competent jurisdiction, to secure the return . . . " And according to section 5, "Either party may appeal to a higher court by filing in the court *a quo* his appeal. . . ."

This court construed that act in *De Jesús* v. *Gallardo,* 34 P.R.R. 412, 413, wherein it held:

"It must be presumed that when the Legislature varied the terms of the Act of 1920 on that point it showed a clear intention of not conferring upon the district courts exclusive jurisdiction of such actions, but that the jurisdiction was to be determined by the amount involved, following therefor the general Act of March 10, 1904, Comp. 1911, section 1148 *et seq.* And undoubtedly it was considered that it would not be equitable or just to compel a taxpayer to resort to a district court to recover small sums, authorizing him to sue in the proper municipal court, provided the amount involved did not exceed $500, including interest. Section 1173 Comp. 1911."

The 1925 amendment did not change the jurisdictional question.

Section 3 of the subsequent Act of 1927, which is the law now in force, provides that "A taxpayer . . . may . . . sue the Treasurer . . . in an insular court of competent jurisdiction, or in the District Court of the United States for Porto Rico, to secure the return . . ." And according to section 4 thereof, "Any party may take an appeal in accordance with the provisions of the law for appeals in civil cases."

As may be seen, the only substantial change consisted in including the District Court of the United States for Puerto Rico as one more court to which resort might be had in proper cases. However, in *Soto* v. *Domenech,* 45 P.R.R. 909, this court held that "It was not the intention of the Legislature to confer, by Act No. 8 of 1927 (Session Laws, p. 122) on municipal courts jurisdiction to take cognizance of actions for the recovery of taxes paid under protest. (*De Jesús* v. *Gallardo,* 34 P.R.R. 412, overruled.)"

In *Shell Co. (P.R.) Ltd.,* v. *Pagán, supra,* it was sought to distinguish the case of *Soto* v. *Domenech, supra,* but the reasoning goes further and in fact overrules it. According to the syllabus of the former case, it was held that "The actions or proceedings for the recovery of local taxes or excises paid under protest to the Government of the Capital which are mentioned in section 32(*a*), added as a new section to Act No. 99 of 1931 (Session Laws, p. 626) by Act No. 32 of 1933 (Session Laws, p. 254), must be brought in the municipal or district court having jurisdiction thereof according to the amount involved (*Soto* v. *Domenech, Treas.,* 45:909, distinguished)." The rule having thus been established, the conclusion is unavoidable that it applies to local or municipal as well as to insular taxes. The decision in *Calaf* v. *Gallardo,* 36 P.R.R. 131, remains unaffected, as it deals with income taxes and is governed by the special law on the subject, namely, Act No. 74 of 1925 (Session Laws, p. 400).

The case of *Soto* v. *Domenech, Treas., supra,* having been overruled, the situation is cleared up and the provisions of the law in force apply as construed in *De Jesús* v. *Gallardo, supra,* that is, that the original jurisdiction to take cognizance of this kind of actions is conferred on municipal or district courts according to the amount involved, with appeals allowed as provided in the general law of appeals in civil cases.

By virtue of the foregoing the motions must prevail and consequently both appeals must be dismissed as frivolous and the judgments appealed from affirmed.

Mr. Justice De Jesús took no part in the decision of this case.